09-0536-ag
Huang v. Holder

BIA
Rohan, IJ
A094 789 855

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of February, two thousand ten.

PRESENT:

> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> PETER W. HALL,
> > *Circuit Judges.*

_____

WEN FENG HUANG,
> *Petitioner*,

> v.                                    09-0536-ag
>                                       NAC

ERIC H. HOLDER JR., U.S. ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Sheema Chaudhry, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Mary Jane Candaux, Assistant Director, Laura M.L. Maroldy, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Wen Feng Huang, a native and citizen of the People's Republic of China, seeks review of a January 14, 2009 order of the BIA affirming the April 5, 2007 decision of Immigration Judge ("IJ") Patricia A. Rohan, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Feng Huang*, No. A094 789 855 (B.I.A. Jan. 14, 2009), *aff'g* Nos. A094 789 855 (Immig. Ct. N.Y. City Apr. 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal citations omitted). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007). For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J-Y-C-*, 24 I.&N. Dec. 260, 265 (B.I.A. 2007).

2

The agency's adverse credibility determination was supported by substantial evidence. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). With respect to Huang's demeanor, the IJ reasonably concluded that Huang was vague and evasive in answering certain questions. Because we afford particular deference to the trier of fact's assessment of demeanor, and the record supports the IJ's finding, the IJ properly relied on Huang's demeanor in finding her not credible. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). The IJ also reasonably concluded that Huang provided inconsistent responses regarding, for example, whether she had seen government notices announcing an intent to arrest her, and whether she told a relative that she practiced Falun Gong in the United States. *See Xiu Xia Lin*, 534 F.3d at 167.

The IJ also found inconsistent and implausible Huang's claim that she distributed Falun Gong flyers (rather than practiced Falun Gong) because she was too busy with school. As the IJ found, Huang's asylum application indicated that she was not in school during that time, a finding Huang does not challenge. We have previously considered an IJ's implausibility finding regarding a similar claim and found no error. *See Ying Li v. BCIS*, 529 F.3d 79, 83 (2d Cir. 2008) (upholding the agency's determination that it was implausible that the petitioner claimed to promote Falun Gong without ever practicing it herself).

Having called Huang's credibility into question, the IJ reasonably found that she failed to provide sufficient corroborative evidence to rehabilitate her testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Ultimately, we are not compelled to disturb the agency's adverse credibility determination. *See Manzur*, 494 F.3d at 289. Because the only evidence of a threat to Huang's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum, withholding of removal, and CAT relief because those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d

148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).[*]

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[*] Huang did not challenge the agency's denial of her CAT claim based on her illegal departure from China before the BIA or this Court, and, thus abandoned any such argument.  *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007).

4